UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRIAD ADVISORS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> EVELYN BOOS, STEPHEN MAZZONI, DAVID WILKS, JANET ALDRED, DIANA MASTRO, MICHAEL AND SHIN SHIN CHIN, KAREN NICKERSON, JAMES CONNELLY, MELISSA DONAHUE, HERBERT AND CONSTANCE ABELSON, CHARLES AND LESLIE UGEL, <br><br> Defendants. | Civil Action No. 1:24-cv-03092 <br><br> Honorable Andrea R. Wood |

**AGREED MOTION FOR ENTRY OF FINAL JUDGMENT ON ALL CLAIMS**

Plaintiff Osaic Wealth, Inc. ("Osaic") and Defendants Evelyn Boos, Steven Mazzoni, David Wilks, Janet Aldred, Diana Mastro, Michael and Shin Chin, Karen Nickerson, James Connelly, Melissa Donahue, Herbert and Constance Abelson, and Charles and Leslie Ugel ("Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 54, respectfully submit this agreed motion for entry of final judgment on all outstanding claims, including Counts I and II of Osaic's First Amended Complaint (ECF 10), and in support thereof states as follows:

1. This action was brought by Osaic to enjoin Defendants from pursuing their claims in a pending arbitration before the Financial Industry Regulatory Authority ("FINRA") (*Richard Kim et al. v. Triad Advisors LLC*, FINRA Case No. 23-03651).[1] Osaic's complaint contains two counts. Count I is for declaratory relief; specifically requesting a finding that Defendants cannot

---

[1] This action was originally brought by Triad Advisors, LLC, which was substituted out as plaintiff by its successor-in-interest Osaic. (ECF 40).

proceed with their claims in the FINRA arbitration for lack of privity. Count II is a claim for injunctive relief in which Osaic seeks both preliminary and permanent injunctions enjoining Defendants from pursuing their claims against it in the FINRA arbitration. Osaic filed a motion for preliminary injunction on May 2, 2024. (ECF 11).

2. On November 6, 2024, this Court entered an order denying Osaic's motion for a preliminary injunction. (ECF 28). The Court held that signing the submission agreements constituted a waiver of any subsequent or simultaneous objection to the arbitrability of those claims. (*Id.* at 5). The Court therefore concluded, as a matter of law, that "by signing the two Submission Agreements, [Osaic] is bound by their terms requiring it to arbitrate all claims, including those of Defendants. For that reason, [Osaic] has failed to establish its likelihood of success on the merits of its claims." (*Id.*).

3. On December 3, 2024, Osaic timely appealed this Court's order to the United States Court of Appeals for the Seventh Circuit. (Seventh Cir. Dkt. 1). The Seventh Circuit ordered Osaic to file a memorandum addressing appellate jurisdiction. (Seventh Cir. Dkt. 4). Osaic timely filed its appellate jurisdictional memorandum. (Seventh Cir. Dkt. 11 at 7 (citing *Wallrich v. Samsung Elecs. Am. Inc.*, 106 F.4th 609 (7th Cir. 2024); *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000)). The Seventh Circuit then ordered Defendants to file a response to Osaic's jurisdictional memorandum (Seventh Cir. Dkt. 12), which they did (Seventh Cir. Dkt. 13). The dispute between the parties as to appellate jurisdiction concerns whether this Court's November 6, 2024, order is sufficiently final to be appealable. The Seventh Circuit has not yet ruled whether it has jurisdiction over Osaic's appeal.

4. The parties have since conferred and agreed to mutually request that this Court enter an order pursuant to FRCP 54, denying declaratory relief and entering a permanent injunction—thereby answering any question as to the finality of this Court's resolution of Osaic's claims.

5. The basis for entering an order pursuant to FRCP 54 is that based on this Court's Order (ECF 28), Osaic's claims for declaratory relief and permanent injunction are rendered moot. *See* Moot, Black's Law Dictionary (12th ed. 2024) (defining a moot question as one that "has been resolved and has therefore passed the point of being a live controversy").

WHEREFORE, and for all the reasons stated above, Plaintiff and Defendants respectfully request that this Court enter an order pursuant to FRCP 54 dismissing as moot Counts I and II of Plaintiff's first amended complaint for declaratory relief and a permanent injunction, respectively. The parties further request any other relief this Court deems appropriate.

Respectfully submitted this 7th day of February, 2025.

| | |
|---|---|
| /s/ *Adam Gana* | /s/ *Alison S. Cooney* |
| Adam Gana (Illinois Bar # 6321845) | Alison S. Cooney (Illinois Bar # 6312577) |
| **GANA WEINSTEIN LLP** | **NELSON MULLINS RILEY SCARBOROUGH LLP** |
| 3706 North Greenview Ave., Suite 100 | 123 North Wacker Drive, Suite 2100 |
| Chicago, IL 60613 | Chicago, IL 60606 |
| (646) 404-0000 | (312) 376-1023 |
| agana@ganallp.com | alison.cooney@nelsonmullins.com |
| | |
| Robert M Van De Veire | |
| **KURTA LAW** | Scott N. Sherman (*pro hac vice*) |
| 295 Madison Avenue, Suite 705 | **NELSON MULLINS RILEY SCARBOROUGH LLP** |
| New York, NY 10017 | 201 17th Street NW, Suite 1700 |
| (212) 658-1852 | Atlanta, GA 30363 |
| rvandeveire@kurtalawfirm.com | scott.sherman@nelsonmullins.com |
| | |
| *Attorneys for Defendants* | *Attorneys for Plaintiff Osaic Wealth, Inc.* |

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on this 29 day of January, 2025, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

    Dated this 7th day of February, 2025.

                                                   /s/ *Alison S. Cooney*
                                                   Alison S. Cooney (Illinois Bar #6312577)